
NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSHUA CLOTTEY, | |
| Plaintiff, | |
| v. | CIV. ACTION NO. 11-3065 (JLL) |
| VINCENT SCOLPINO | **OPINION** |
| Defendant. | |

**LINARES,** District Judge.

Plaintiff has filed a motion for summary judgment. (D.E.15) and Defendant has filed a counter motion to dismiss. (D.E. 25). The parties both filed opposition papers. The Court has carefully considered the parties' respective positions and, based on the reasons that follow, finds it appropriate to decline to exercise jurisdiction over this matter.

**I.      Background**

The relevant facts are not in dispute unless otherwise noted. Plaintiff is a boxer. Defendant is a boxing manager. On March 13, 2006, Plaintiff and Defendant entered into a boxer-manager agreement ("the Contract"). The Contract had an initial three year term and was automatically extended for two years to March 12, 2011 when Plaintiff "was offered the opportunity to participate in a world championship bout." (Clottey Decl., Ex. B, ¶ 6). Between March 13, 2006 and March 12, 2011, Defendant sustained injuries resulting in medical suspensions precluding him from fighting for a total of approximately 14 months.

Plaintiff contends that the contract expired on March 12, 2011 either (1) by operation of law or (2) pursuant to the terms of the contract. Defendant, however, contends that the Contract

term extends beyond March 12, 2011 for a period of time equal to Defendant's medical suspensions (approximately 14 months).

On May 26, 2011, Plaintiff filed a declaratory judgment action against Defendant in this court pursuant to 28 U.S.C. §§ 2201. (D.E. 1; Complaint p. 6). Plaintiff seeks an order from this Court declaring that "the boxer-manager contract between himself and defendant expired on March 12, 2011" either (1) by operation of N.J.C.A. 13:46-5.6(a)[1] or (2) by its own language. (Compl. at ¶¶ 17 & 16).

This Court's jurisdiction over Plaintiff's declaratory judgment Complaint is premised on diversity of citizenship, 28 U.S.C. § 1332(a)(1).[2]

## II. Standard for Asserting Jurisdiction over Declaratory Judgment Actions

"The Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, provides a remedy that may be used by the federal courts in appropriate circumstances. This statute provides that a court 'may declare the rights ... of any interested party,' and contemplates that district courts will exercise discretion in determining whether to entertain such actions." State Auto Ins. Companies v. Summy, 234 F.3d 131, 133 (3d Cir.2000) (internal citations omitted). The Act has been characterized as "an enabling Act, which confers a discretion on the courts rather than an

---

[1] N.J.C.A. 13:46-5.6(a) provides, in relevant part, that "Boxer-manager contracts in New Jersey shall be effective for a maximum of five years."

[2] The parties do not dispute that there is diversity of citizenship (Plaintiff is resident of Ghana and the State of New York, while Defendant is a resident of the State of New Jersey). Defendant, however, contends that Plaintiff has not sufficiently pled that the amount in controversy exceeds $75,000. The Court disagrees. "In actions seeking declaratory judgment ... the amount in controversy is measured by the value of the object of the litigation." Hunt v. Wash. St. Apple Advertising Comm'n., 432 U.S. 333, 347 (1977). The ultimate determination regarding the amount in controversy requires a "reasonable reading of the value of the rights being litigated." Angus v. Shiley, Inc., 989 F.2d 142, 146 (3d Cir.1993). And, while the amount in controversy is determined through consideration of the good faith allegations of the complaint at the time it was filed, see State Farm Mut. Auto. Ins. Co. v. Powell, 87 F.3d 93, 97 (3d Cir.1996); Spectacor Mgt. Group v. Brown, 131 F.3d 120, 122 (3d Cir.1977), damages accruing in the future are properly counted against the jurisdictional amount if "the right to future payments ... will be adjudged in the present suit." Broglie v. MacKay-Smith, 541 F.2d 453, 455 (4th Cir.1976). In this case, the ultimate issue to be litigated is the value of the alleged 14 month extension which based on the complaint, the moving and opposition papers, and affidavits submitted in support of said papers is reasonably calculated to be in excess of $75,000.

absolute right upon the litigant." <u>Wilton v. Seven Falls Co.</u>, 515 U.S. 277, 28 (1995) (internal quotations omitted). In this regard, the Supreme Court has explained:

> Although the District Court had jurisdiction of the suit under the Federal Declaratory Judgments Act, it was under no compulsion to exercise that jurisdiction.... Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.

<u>Brillhart v. Excess Ins. Co. of Am.</u>, 316 U.S. 491, 494-495 (1942). The Third Circuit has held that "Congress has afforded the federal courts a freedom not present in ordinary diversity suits to consider the state interest in having the state courts determine questions of state law [in declaratory judgment actions]." <u>State Auto Ins. Cos. v. Summy</u>, the 234 F.3d 131, 135 (3d Cir. 2001) (quoting <u>Mitcheson v. Harris</u>, 955 F.2d 235, 238 (4th Cir. 1992)). The Court went on to conclude that "where the applicable state law is uncertain or undetermined, district courts should be particularly reluctant to entertain declaratory judgment actions." <u>Id.</u> Rather, "[s]uch matters should proceed in normal fashion through the state court system." <u>Id.</u> (citations omitted).

**III.     The Court Exercises its Discretion and Declines Jurisdiction over Plaintiff's Declaratory Judgment Action due to Unclear State Law**.

Plaintiff seeks a declaration from the Court that the Contract expired on March 12, 2011 pursuant to N.J.C.A. 13:46-5.6(a) which Plaintiff alleges provides that "Boxer-manager contracts in New Jersey shall be effective for a maximum of five years." (Am. Compl. at 16). Plaintiff admits "that no New Jersey case has addressed this issue directly in the context of boxing contracts." (D.E. 15; Pl. Br. at 10). Instead, Plaintiff urges the Court to rely on decisions by district courts in other circuits interpreting different statues than the one at bar in order to

declare that under New Jersey law a boxer-manager contract cannot extend beyond five calendar years. Defendant, on the other hand, contends that the five year limitation on a boxer-manager contract does not mean five calendar years, but rather the five years when a boxer is able to fight. In support of this contention, Defendant submits the Declaration Nicholas B. Lembo who is a Deputy Attorney General of the State of New Jersey and counsel to the New Jersey Athletic Control Board.  Mr. Lembo declares that "past practice has been that the five year limitation in NJAC 13:46-5-6(a) means five years when a boxer is able to engage in bouts, not five calendar years." (Lembo Decl.; D.E. 32). Indicating that the NJACB would entertain a different interpretation of the statute, Mr. Lembo also declares that Defendant "is entitled to apply to the Board if he believes the interpretation should be changed." Id.

The Third Circuit has cautioned that "district courts ... do not establish state law." Summy, 234 F.3d at 135. Thus, "where the applicable state law is uncertain or undetermined, district courts should be particularly reluctant to entertain declaratory judgment actions." Id. at 135. Here, considering the absence of controlling precedent coupled with Mr. Lembo's declaration that the NJACB's interpretation of the relevant statute is contrary to Plaintiff's position, the Court finds the law surrounding NJAC 13:46-5-6(a) is substantially undetermined and unsettled.  Therefore, the Court will exercise its discretion to decline jurisdiction over Plaintiff's declaratory judgment complaint. See, e.g., Empire Fire & Marine Ins. Co. v. Bennett, No. 05-4097, 2006 WL 932176 (D.N.J. April 10, 2006) (declining to exercise jurisdiction over declaratory judgment action where state law was unsettled).

Plaintiff's secondary argument, namely that the contract expired pursuant to its own terms, is inextricably intertwined with a resolution of the application of N.J.C.A. 13:46-5.6(a).  If the statute does not permit extension beyond five years, then a determination as to the alleged

notice requirement will not be necessary. Stated differently, Plaintiff's arguments regarding the alleged notice requirement only comes into play if N.J.C.A. 13:46-5.6(a) permits boxer-manager contracts to extend beyond five calendar years – a question that for the aforementioned reasons this Court declines to engage. Therefore, because decisions in declaratory judgment actions must yield to "considerations of practicality and wise judicial administration," the Court finds that it is a better use of judicial resources for Plaintiff to pursue this action at the state level, a forum which is equipped to resolve both the statutory and contractual claims at issue. Id.

The Court also notes that Plaintiff's declaratory judgment action is limited purely to issues of state law;[3] thus, no federal interests are promoted by deciding this state law claim in this Court.

**IV.     Conclusion**

Based on the reasons set forth above, the Court will exercise its discretion granted under the Declaratory Judgment Act and decline to exercise its jurisdiction over Plaintiff's declaratory judgment complaint. An appropriate Order accompanies this Opinion.

Dated:    September 14, 2011                                                  /s/ Jose L. Linares
                                                                              Jose L. Linares
                                                                              United States District Judge

---

[3] See, e.g., Summy, 234 F.3d at 134 ("District Court did not have open-ended discretion to decline jurisdiction over a declaratory judgment action when the issues included federal statutory interpretation, the government's choice of a federal forum, an issue of sovereign immunity, or inadequacy of the state proceeding.").